**14-1950**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ROBOL LAW OFFICE, *et al*.

*Appellants*

v.

RECOVERY LIMITED PARTNERSHIP, *et al.*

*Appellee*

ON APPEAL FROM UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**BRIEF OF APPELLANTS**

**RICHARD T. ROBOL AND ROBOL LAW OFFICE, LLC**

Richard T. Robol
ROBOL LAW OFFICE, LLC
433 West Sixth Avenue
Columbus, Ohio 43201
(614) 282-5412

*Attorney for Appellants*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES……………………………………………… ii

JURISDICTIONAL STATEMENT………………………………………. 1

STATEMENT OF ISSUES………………………………………….…... 1

STANDARD OF REVIEW…………………………………………….... 1

STATEMENT OF THE CASE……………………………………………… 2

SUMMARY OF ARGUMENT…………………………………………… 7

ARGUMENT………………………………………………………….. 8

    I.    THE FACTS ALLEGED IN ROBOL'S STATEMENT OF
        INTEREST, RIGHT AND CLAIM ARE SUFFICIENT TO
        PROVIDE A STATEMENT OF INTEREST UNDER
        FED. R. CIV. P., SUPPL. R. C(a)(6)……………………………….. 8

    II.    THE DISTRICT COURT ERRED IN GOING WELL
        BEYOND THE ALLEGATIONS IN THE STATEMENT
        OF INTEREST IN DECIDING THE MOTION………………..…… 11

    III.    EVEN ASSUMING *ARGUENDO* THAT THE DECISION
        BELOW WAS CORRECT IN GOING BEYOND WHAT
        WAS CONTAINED IN ROBOL'S STATEMENT OF INTEREST,
        THE DISTRICT COURT APPLIED THE  WRONG LAW AND
        ERRNONEOUSLY ASSUMED THAT THERE WERE NO
        FACTUAL DISPUTES…………………………………….…..  17

ii

A. The District Court Failed to Apply the Choice-of-Law
Rules in Virginia Rules of Professional Conduct…………………..    17

B. The District Court Overlooked the Factual Evidence
of RLP's Admissions of Robol's Voluntary Actions……………….    23

C. In Holding That Robol Was Required to Provide
the Items to RLP Under Agency Law, the
District Court Erroneously Overlooked Robol's
Rights Under Ohio Law…………………………………………………    28

CONCLUSION…………………………………………………………………...    32

# TABLE OF AUTHORITIES

<u>Page</u>

*Constitutions, Statutes and Rules*

28 U.S.C. §1292(a)(3)……………………………………………….. 1, 9

Fed. R. Civ. P. 12(b)(6) )…………………………………………….. 1

Fed. R. Civ. P. 12(d) )…………………………………………..… 1,17

Fed. R. Civ. P. 56)………………………………………………1,17

Fed. R. Civ. P., Suppl. Admiralty Rule C(a)(6) )………………………1,10,11,17

E.D. Va. Local Civ. R. 83.1(I) )…………………………………… 17

Ohio Rule of Professional Conduct, Rule 1.15, 1.16(d) )…………………… 22,23

Virginia Rules of Professional Conduct, Rule 8.5, 1.16(e) )……………… 18,19

*Cases*

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 )………………………… 12

*Brandon/Wiant Co. v. Teamor*, 708 N.E.2d 1024 (Ohio Ct. App. 1998)……… 31

*Columbus-America Discovery Group v. Unidentified Wrecked and Abandoned Vessel*, 742 F. Supp. 1327 (E.D.Va. 1990), *reversed and remanded* 974 F.2d 450 (1992), *on remand* 1993 U.S. Dist. LEXIS 18482 (E.D.Va. 1993), *affirmed* 56 F.3d 556 (1995) )…………………………………………………….. 3

*Columbus America Discovery Group v. Unidentified Wrecked and Abandoned Vessel*, 203 F.3d 291 (4th Cir. 2000) )…………………………… 3

*Cuyahoga Cty. Bd. of Commrs. v. Maloof Properties, Ltd.*, 968 N.E.2d 602 (Ohio Ct. App. 2012) )……………………………………………..…… 29

*Democratic Cent. Comm. of D.C. v. Washington Metro. Area Transit Comm'n*, 941 F.2d 1217 (D.C. Cir. 1991) )……………………….……… 28

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435 (4th Cir. 2011) )……………………………………………….. 12

*Erie Ins. Exch. v. Shapiro*, 450 S.E.2d 144 (Va. 1994) )…………………….. 28

*Foor v. Huntington Nat. Bank*, 27 Ohio App.3d 76, 499 N.E.2d 129 (Ohio App. 10th Dist. 1986) )……..……………………………………….. 21

*In re Military Circle Pet Ctr. No. 94, Inc.*, 181 B.R. 282 (Bankr. E.D. Va. 1994) )…………………………………………….… 28

*King v. Beale*, 198 Va. 802, 96 S.E.2d 765 (1957) )…………………………… 22

*Matter of Dunn*, 205 N.Y. 398, 98 N.E. 914 (1912) )………………………….. 21

*McPherson v. Cox,* 96 U.S. 404 [6 Otto 404] 24 L.Ed. 746 (1877) )………… 21

*McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354  (Fed. Cir. 2007) )…………… 1, 12

*Ndeh v. Midtown Alexandria, L.L.C.,* 300 Fed. Appx. 203
(4th Cir. 2008) )…………………………………………………………… 1

*Oliver Co. v. Silver,* 2003 WL 25673323 (Ohio Cm Pl)………………………… 21

*Ohio Civ. Rights Comm. v. Akron Metro Hous. Auth.*, 2008-Ohio-3320,
26 892 N.E.2d 415 (Ohio 2008) )……………………………………….. 26

*Owens v. Baltimore City State's Attorneys Office,* 767 F.3d 379
(4th Cir. 2014) )………………………………………………………… 22

*Reckitt Benckiser Inc. v. Tris Pharma, Inc.,* CIV.A. 09-3125 FLW,
2011 WL 773034 (D.N.J. Feb. 28, 2011) )………………………………12

*Rinker v. Trout*, 198 S.E. 913 (Va. 1938). )…………………………………… 28

*Rulli v. Fan Co.*, 683 N.E.2d 337(Ohio 1997) )……………………………….. 31

*Szymczak v. Szymczak*, 2002-Ohio-4766 (Ohio App. 8 Dist.) )…………… 29, 32

*The Sabine*, 101 U.S. 384 (1879)…………………………………………….. 8

*Young v. Fluorotronics, Inc.*, No. 10CV976-WQH-BGS,
2010 WL 4569996 (S.D. Cal. Nov. 3, 2010)…………………………………12

**Treatises, Law Review Articles and Other Authorities**

6 *Ohio Jurisprudence 3rd* §§235, 236 (2014) )……………………………… 21,22,30

*Restatement (Second) of Agency* § 464 (1958)……………………………… 29

*Restatement (Third) of Agency,* §§ 8.09 cmt. b, 8.05 (2006) )……………… 28

Spahn, "Legal Ethics Opinion Summaries," LEO Num 1154,
leo.mcguirewoods.com/viewleo.aspx?id=1029# )……………………………20